# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3797

_____

United States of America

*Plaintiff - Appellee*

v.

Eulogia Barberena, also known as La Coca

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 24, 2017
Filed: May 2, 2017
[Unpublished]

_____

Before RILEY, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Eulogia Barberena pleaded guilty to conspiracy to distribute methamphetamine, the district court[1] sentenced her to 87 months in prison, in

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

accordance with the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) written plea agreement, in which Barberena waived the right to challenge her conviction and sentence with certain exceptions.  On appeal, counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues (1) Barberena's plea was involuntary, because she did not understand or appreciate the proceedings or the plea agreement, since she did not understand English and has a limited education; and (2) the sentence is unreasonable, because it was based on the plea agreement.

Barberena's challenge to the validity of her guilty plea is not properly before the court, because she did not move to withdraw her guilty plea below.  See United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010).  In addition, we will enforce the appeal waiver as to her sentencing challenge, because our review of the record (which, among other things, confirms the presence of an interpreter at the plea and sentencing hearings) demonstrates that Barberena entered into the plea agreement and the appeal waiver knowingly and voluntarily; the argument falls within the scope of the appeal waiver; and no miscarriage of justice would result from enforcing the waiver.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).  Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal falling outside the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____